IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WAFA M. OMRAN, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| V. | ) | Civil Action No. 1:22-cv-10661-PKC |
| | ) | |
| MERRICK B. GARLAND, et al; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR STAY

The initial pretrial conference is adjourned from 3/30/23 to 4/21/23 at 11:30 a.m. The Clerk is directed to terminate this motion and the related motion. (ECF 6, 7.)
SO ORDERED.
3/30/23

P. Kevin Castel
United States District Judge

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................... 1

**BACKGROUND** ........................................................................................................................... 2

**ARGUMENT**.................................................................................................................................. 4

    I.     **Standards applicable to a motion for stay pending appeal** ........................................4

    II.    **Plaintiff is likely to succeed on the merits**.................................................................4

    III.   **Plaintiff will be irreparably harmed in the absence of a stay because they will miss their long-awaited chance to become a U.S. citizen**........................................4

    IV.   **The Defendants will not be harmed by a stay, and a stay is in the public interest**.....5

**CONCLUSION**...............................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff respectfully requests that the Court grant a stay of the complaint stemming from a delay in adjudication of their naturalization application pending the Plaintiff's Naturalization Oath Ceremony scheduled on April 3, 2023, which Plaintiff received an invitation for following the original submission of this complaint. A telephonic pre-trial conference is scheduled for March 30, 2023 at 12:00 p.m. and Plaintiff requests that the Court allow for a potential resolution of the matter by U.S. Citizenship and Immigration Services (USCIS) before proceeding further. In the event that the Naturalization Oath Ceremony is not successful, this Court may grant de novo review of the application under INA section 336(b); 8 U.S.C. §1447(b), which gives the District Court exclusive jurisdiction over naturalization applications which have been pending for more than 120 days. 8 U.S.C. §1421; 8 U.S.C. §1427; 8 C.F.R. §§103.1(g)(2)(ii), and 316.2. Bustamante v. Napolitano, 582 F.3d 403, 406-408 (2d Cir. 2009).

The Plaintiff's request satisfies all the factors justifying a stay: The Plaintiff is likely to succeed in obtaining de novo review if for whatever reason her Naturalization Oath Ceremony does not lead to the granting of U.S. citizenship because of a delayed adjudication of their Naturalization Application following her passing of the naturalization interview based on 8 U.S.C. §1447(b). In the absence of a stay, Plaintiff may lose her first long-awaited chance at obtaining her U.S. citizenship after 672 days of filing her naturalization application. The balance of hardships and the public interest also favor a stay because this would not cause any material harm to the Defendants. Accordingly, the Court should grant a stay of the matter until a date following the Plaintiff's Naturalization Oath Ceremony on April 3, 2023.

## BACKGROUND

Plaintiff Wafa M. Omran, files this complaint for de novo Naturalization and/or a Writ of Mandamus seeking the following relief: (1) adjudication of her naturalization application which has been pending with the United States Citizenship and Immigration Service since May 31, 2021. This Court may grant de novo review of the application under INA section 336(b); 8 U.S.C. §1447(b), which gives the District Court exclusive jurisdiction over naturalization applications which have been pending for more than 120 days. 8 U.S.C. §1421; 8 U.S.C. §1427; 8 C.F.R. §§103.1(g)(2)(ii), and 316.2. *Bustamante v. Napolitano,* 582 F.3d 403, 406-408 (2d Cir. 2009). Plaintiff also seeks declaratory and injunctive relief to protect her constitutional and statutory rights as a lawful permanent resident (LPR) to timely adjudication of her N-400 Application for United States Citizenship.

Plaintiff is a lawful permanent resident who obtained her residency on January 13, 2015. Petitioner resides in New York within the jurisdiction of the New York District of Citizenship and Immigration Service ("USCIS").

Plaintiff has resided as a permanent resident in the United States for the requisite period of time before becoming eligible to apply for United States Citizenship. Immigration and Nationality Act ("INA") § 316(a), 8 U.S.C. § 1427(a).

On May 31, 2021, Plaintiff paid the $725.00 fee for an application for citizenship and for processing her fingerprints and submitted her application for adjudication by USCIS. 8 C.F.R. §§316.4, 103.7. . On October 1, 2021, she received a notice to appear for her naturalization interview, scheduled for November 18, 2021. On November 18, 2021, she was interviewed by Officer S. Webb on the application for naturalization. She passed the required examination for

English and the civics exam. INA §312(a)(1-2), 8 U.S.C. §1423(a)(1-2). At that time, she was told that her application was recommended for approval.

Although having completed her application for United States Citizenship, Plaintiff has been waiting since November 18, 2021 for a decision on her application. It was not until March 7, 2023, following the filing of this complaint that Plaintiff received Form N-445, Notice of Naturalization Oath Ceremony from USCIS, scheduled for April 03, 2023. Therefore, this motion requests a stay of proceedings until a date following her Naturalization Oath Ceremony so as to review matters with the complete facts.

Months after her naturalization interview of November 18, 2021, Plaintiff made an inquiry on the status of her application on March 10, 2022 (Service item number: 21992696), which was then referred to the USCIS New York Field Office (Referral ID: WKD0882205819NYC) and has not resulted in the adjudication of her application. Such inaction violates Plaintiff's statutory and constitutional rights.

As a Lawful Permanent Resident, she has acquired all the rights and obligations federal law accords persons with legal permanent resident status. Plaintiff is lawfully in the United States and has the right to apply for United States Citizenship. United States Citizenship is a cherished privilege that brings with it the right to fully participate in our democracy—to vote, serve on a jury, and to hold public office. United States Citizenship also allows certain individuals to engage in employment that is limited to United States Citizens. Citizenship protects such individuals from the ever expanding web of civil and criminal offenses that render an individual removable from the country. United States Citizenship confers the benefit of allowing such individuals to file petitions for other members of their family and, in some cases, shorten or eliminate the lengthy backlogs in family categories. Citizenship confers other

business-related benefits such as the ability to apply for federal small-business loans and to travel abroad more freely under the terms of the Visa Waiver Pilot Program. Plaintiff, however, cannot fully enjoy these rights.

## ARGUMENT

### I. Standards applicable to a motion for stay pending appeal

In considering whether to grant a stay pending appeal, the Court must consider four factors: (1) the applicant's likelihood of success on the merits; (2) whether the applicant will suffer irreparable injury; (3) the balance of hardships to other parties interested in the proceeding; and (4) the public interest. See *Nken v. Holder*, 556 U.S. 418, 434 (2009). Each of these factors favors entry of a stay in this case.

### II. Plaintiff likely to succeed on the merits.

The facts of this matter align with the statutory cause of action set forth in 8 U.S.C. §1447(b), which gives the District Court exclusive jurisdiction over naturalization applications which have been pending for more than 120 days. Plaintiff's naturalization application has been pending for 497 days since the U.S. Immigration Officer conducting the naturalization interview had informed her that her application was recommended for approval.

### III. Plaintiff will be irreparably harmed in the absence of a stay because they will miss their long-awaited chance to become a U.S. citizen.

Without a stay, Plaintiff could miss the opportunity to become a U.S. citizen after satisfying the eligibility requirements, submitting a complete application, paying USCIS the filing fee and successfully passing her naturalization interview.

**IV.     The Defendants will not be harmed by a stay, and a stay is in the public interest.**

The Defendants will not be harmed by a stay. There is no detrimental consequence of a stay in this matter for the defendants and it is in the public interest that permanent residents who satisfy all the conditions and requirements for naturalization, including having their naturalization interview and application recommended for approval, obtain a timely service for which they paid and are eligible for.

## CONCLUSION

Because the Government satisfies each of the factors justifying a stay, the Court should stay the pre-trial conference for a date following Plaintiff's Naturalization Oath Ceremony dated April 3, 2023.


Date: March 30, 2023                              Respectfully Submitted,


                                                  By: ___s/Alfred A. Bridi_____

                                                      Scale LLP

                                                      1291 Dean St #4W

                                                      Brooklyn, NY 11216


                                                  ATTORNEY FOR THE PLAINTIFF